UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA YOUNG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 1:22-cv-00301-TWP-MJD |
| INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, DAVID KUCHTA-DRANE, Police Officer, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendants Indianapolis Metropolitan Police Department ("IMPD") and officer David Kuchta-Drane ("Detective Kuchta-Drane") (collectively, the "Defendants") (Dkt. 24). Following an involuntary mental health commitment, *pro se* Plaintiff Patricia Young ("Ms. Young") initiated this action asserting claims against the Defendants for: disability discrimination pursuant to the Americans with Disabilities Act ("ADA"), criminal confinement, obstruction of justice, fraud, and defamation of character. *Id*. Defendants argue that summary judgment is appropriate because, among other things, IMPD is an improper party to this suit, Detective Kuchta-Drane is shielded by qualified immunity or law enforcement immunity, and Ms. Young's claims are not plausible on its face (Dkt. 26). For the reasons set forth below, summary judgment is **granted** in the Defendants' favor.

### I.  FACTUAL BACKGROUND

As noted above, despite being notified of her right to respond to the summary judgment motion, no response has been filed, and the deadline for doing so has long passed. By not

responding to the motion for summary judgment, Ms. Yong has conceded the Defendants' version of the facts. *Brasic v. Heinemanns Inc.*, 121 F.3d 281, 286 (7th Cir. 1997).

A.  **Undisputed Factual Background**

On January 17, 2020, Ms. Young visited IMPD's Mobile Crisis Assistant Team and met with Detective Kuchta-Drane and Mark Graeser ("Mr. Graeser")—a clinical therapist and social worker—employed by Eskenazi Hospital (Dkt. 25-1 at 3; Dkt. 25-2 at 2). Detective Kuchta-Drane works in IMPD's Behavioral Health Unit and Mobile Crisis Assistance Team ("MCAT") (Dkt. 25-1 at 2). The MCAT "is a collaboration between IMPD and Eskenazi Hospital's Mental Health Center ("Eskenazi") that allows specially trained law enforcement officers and mental health counselors to collaborate in interactions with individuals experiencing mental health crises." *Id*.

Ms. Young reported that she was "hearing the voice of a person named Sulton who had raped and sexually harassed her for years." (Dkt. 25-1 at 12.) Both Detective Kuchta-Drane and Mr. Graeser believed Ms. Young "was exhibiting persistent delusions which were consistent with mental illness, was either dangerous or gravely disabled, and was in immediate need of hospitalization and treatment." (Dkt. 25-1 at 3; Dkt. 25-2 at 3). Ms. Young consented to being transported to Eskenazi to be evaluated and Detective Kuchta-Drane placed her on immediate detention.[1] (Dkt. 25-1 at 3). Soon after, Detective Kuchta-Drane "submitted a written statement containing the basis for [his] conclusions to Eskenazi hospital as required by Indiana Code § 12-26-4-2." *Id*. Once at Eskenazi, a doctor prepared and filed a 'Physician's Emergency Statement'

---

[1] Indiana's immediate detention statute provides that "[a] law enforcement officer, having reasonable grounds to believe that an individual has a mental illness, is dangerous, and is in immediate need of hospitalization and treatment, may ... apprehend and transport the individual to the nearest appropriate facility." *See* Ind. Code § 12–26–4–1. Once at an appropriate facility, Indiana Code § 12–26–5–1 provides for detention for "not more than seventy-two (72) hours" of an individual who "may be mentally ill and either dangerous or gravely disabled." Ind. Code § 12–26–5–1(a)–(b).

2

and an 'Application for Emergency Detention of Mentally Ill Person' with the Marion Superior Court requesting that Ms. Young be hospitalized (Dkt. 25-3 at 4-9).

Almost two years later, on January 13, 2022, Ms. Young filed a state court complaint[2] against IMPD and Detective Kuchta-Drane alleging several claims against the Defendants, including that they criminally confined her for six (6) days at Eskenazi and seeking sixty (60) million dollars in restitution (Dkt. 1-3). The Defendants then removed the action to this Court, and filed their Motion for Summary Judgment. As required by this courts Local Rules, Defendants provided Ms. Young with Notice that she must file and serve a copy of her response to the motion for summary judgment by January 5, 2023. (Dkt. 24). When no response was filed by that deadline, the Court also provided notice and gave Ms. Young through February 3, 2023 to respond; and warned that if no response was filed by that date, the Court would proceed with issuing a ruling on the unopposed motion. (Dkt. 29). To-date, no response has been filed. responded.

## II.   SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." The court views the facts in the light most

---

[2] *See* Cause No. 49D04-2201-CT-001304 and styled *Patricia Young v. Indianapolis Metropolitan Police Department North District*.

3

favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Barbera v. Pearson Education, Inc.*, 906 F.3d 621, 628 (7th Cir. 2018).

An unopposed summary judgment motion does not change the summary judgment standard, and the court still conducts "more than just a cursory review of the filings" and scrutinizes the movant's factual submissions in order to "determine that the motion is sound and within the parameters of the law." *Leal v. TSA Stores, Inc.*, 2014 WL 7272751, at *1 (N.D. Ind. Dec. 17, 2014). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The consequence of Ms. Young's failure to respond is that she has conceded the Defendants' version of the facts. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must ... file and serve a response brief and any evidence ... that the party relies on to oppose the motion. The response must ... identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment.").

### III.  DISCUSSION

In her unverified Complaint, Ms. Young alleges she "was put on a 72 hour detention hold by the police at Eskenazi Hospital against my will by officer David Kutcha-Drane. I passed the mental health check given to me by Officer David Kutcha-Drane." (Dkt. 1-3 at 11.) The Defendants seek summary judgment because, among other things, IMPD is an improper party, Detective Kuchta-Drane is shielded by qualified immunity or law enforcement immunity, and Ms.

Young's claims are not plausible on its face. The Court will address the Defendants' arguments in turn.

A.     **Whether IMPD is an Improper Party**

As a preliminary matter, Defendants argue that IMPD cannot be sued and all claims against them should be dismissed. (Dkt. 26 at 11-12). The Court agrees. The United States Supreme Court has instructed that local government liability under § 1983 "is dependent on an analysis of state law." *McMillian v. Monroe County*, 520 U.S. 781, 786, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997). Under Indiana law, a "[m]unicipal corporation" is a "unit, ... or other separate local governmental entity that may sue and be sued." Ind. Code § 36–1–2–10. A "'[u]nit' means county, municipality, or township," Ind. Code § 36–1–2–23, and a "[m]unicipality" is a "city or town," Ind. Code § 36–1–2–11. The Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued. *See Martin v. Fort Wayne Police Dep't*, 2010 WL 4876728, at *3 (N.D. Ind. 2010). Therefore, all claims against IMPD are **dismissed**.

B.     **Ms. Young's Federal Claims**

Ms. Young alleges generally that Defendants violated her Fourth Amendment rights and discriminated against her based on her disability when they allegedly confined her to Eskenazi for six (6) days (Dkt. 1-3). Detective Kuchta-Drane (the only remaining defendant) maintains that he is entitled to summary judgment because probable cause existed to seize Ms. Young under the Indiana "immediate detention" statute (Dkt. 26). The Court agrees.

   1.     **Ms. Young's Fourth Amendment Claim**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Civil seizures, such as this one, "made to effectuate an involuntary mental health commitment are

5

analyzed under the Fourth Amendment's 'probable cause' standard." *Fitzgerald v. Santoro*, 707 F.3d 725, 732 (7th Cir. 2013). "A court may find as a matter of law that probable cause existed only "when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Sheik Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994); *accord*, *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999). "The probable cause inquiry is an objective one; the subjective motivations of the officer do not invalidate a [Fourth Amendment action] otherwise supported by probable cause." *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 457 (7th Cir. 2010). Thus, the question before us is whether Detective Kuchta-Drane had objectively reasonable grounds for believing that Ms. Young required immediate hospitalization to protect her from harming herself or others. Even reviewing the record in the light most favorable to Ms. Young, the Court finds that he did.

Under the Indiana Immediate Detention Statute, if a law enforcement officer has "reasonable grounds to believe that an individual is mentally ill, dangerous, and in immediate need of hospitalization and treatment," that officer may "apprehend and transport the individual to the nearest appropriate facility," and if applicable, charge the person with any offenses committed. Ind. Code § 12–26–4–1. Here, the undisputed facts show that:

> Patricia Young came into North District roll call [on January 17, 2020,] reporting that she has a tracking device implanted in her nasal cavity and she is hearing the voice of a person named Sulton who had raped and sexually harassed her for years. Ms. Young claims he increased the volume in her head to the point her ears are bleeding. She says George W Bush has a son named George who is a friend of hers. Ms. Young has been a client of Midtown until 5/31/18 and diagnosed with bipolar disorder, current episode manic. MCAT unit placed Ms. Young on an immediate detention and transported her to the hospital.

(Dkt. 25-1 at 12).

On the undisputed facts, Detective Kuchta-Drane "believed [Ms. Young] was acting in a manner consistent with mental illness, was either dangerous or gravely disabled, and was in

6

immediate need of hospitalization and treatment." (Dkt. 25-1 at 3.) As a result, Detective Kuchta-Drane placed Ms. Young on an immediate detention and transported her to Eskenazi. *Id.* As a matter of law, under the immediate detention statute, Detective Kuchta-Drane was entitled to take reasonable steps to apprehend Ms. Young for her own safety and the safety of others. The statute permits a law enforcement officer to transport an individual to the nearest appropriate facility for a preliminary medical and psychological evaluation. Because the undisputed facts show that Detective Kuchta-Drane had probable cause to place Ms. Young under immediate detention and, in turn, complied with the statute, there is no viable Fourth Amendment claim.

### 2. Ms. Young's Disability Claim

Ms. Young asserts a disability discrimination claim against the Defendants (Dkt. 1-3). Specifically, in her Complaint she alleges "…they discriminated against me on the basis that I was mentally disabled. I am not mentally disabled and was not then". (Dkt. 1-3 at 9)). Defendants contend the discrimination claim is not viable because "she maintains that she is not now, nor was she at the time, mentally disabled" and, alternatively, any purported discrimination was rationally related to a legitimate state interest (Dkt. 26 at 7-8). The Court agrees with the Defendants.

Under the *Twombly* standard, Fed. R. Civ. P. 8 requires plaintiffs to state a claim to relief that is plausible on its face, and factual allegations must be enough to raise a right to relief above the speculative level. *Riley v. Vilsack*, 665 F. Supp. 2d 994, 1000 (W.D. Wis. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929, (2007)). Plausibility in a complaint must "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged...." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). An individual is disabled under the ADA when he: (1) has a mental or physical impairment that substantially limits a major life activity. *O'Keefe v. Varian Associates, Inc.*, 1998

WL 417498, at *18 (N.D. Ill. July 23, 1998).  To state a *prima facie* case of disability discrimination, Ms. Young must:  (1) state how she is disabled—simply asserting a disability claim is insufficient; and (2) state how Defendants discriminated against her because of his disability—*i.e.*, what did Defendants do to Ms. Young and why does she believe this action is related to her disability.

Here, Ms. Young's Complaint does neither of these things.  She has not alleged the nature of her disability or how Defendants discriminated against her because of that disability.  In fact, Ms. Young claims she is "not mentally disabled."  (Dkt. 1-3 at 9.)  Moreover, Ms. Young's discrimination claim is a conclusory statement in a sea of allegations (Dkt. 1-3).  Because the Complaint does not inform Defendants of the facts underlying the disability discrimination claim, and Ms. Young has not designated any evidence concerning a disability, as a matter of law, Defendants are entitled to summary judgment on this claim.

### C.    Ms. Young's State Law Claims

Ms. Young also asserted several state law claims against the Defendants:  criminal confinement, defamation of character, fraud, and obstruction of justice (Dkt. 1-3).  Defendants contend that these claims should be dismissed as a matter of law because they lack merit and Ms. Young has not alleged sufficient facts to support her claims (Dkt. 26).

#### 1.    Ms. Young's Criminal Confinement Claim

Ms. Young alleges the Defendants criminally confined at Eskenazi (Dkt. 1-3). Specifically, her Complaint alleges "I was criminally confined for 6 days in a mental hospital, on a 72 hour detention by the police." (Dkt. 3-1. at 5). The Defendants argue that Ms. Young's criminal confinement claim fails because she consented to being transported to Eskenazi and Defendants were not responsible for her continued confinement at Eskenazi (Dkt. 26 at 13-14).  Alternatively,

Ms. Young has not suffered a pecuniary loss and, as such, cannot recover under the Crime Victim's Relief Act ("CVRA") for the alleged criminal confinement. *Id*. The Court agrees with Defendants on all points.

In Indiana, "[a] person who knowingly or intentionally confines another person without the other person's consent commits criminal confinement [,]" a Level 6 felony. Ind. Code § 35-42-3-3. If a "person ... suffers pecuniary loss as a result of a violation of ... IC 35-42-3-3 ... the person may bring a civil action against the person who caused the loss." Ind. Code § 34-24-3-1. Ms. Young seeks recovery through this civil application of the statute (Dkt. 1-3). Here, the undisputed evidence shows that Ms. Young consented "to being transported by [Detective Kuchta-Drane] to Eskenazi hospital on January 17, 2020, for the purpose of being examined by medical professionals." (Dkt. 25-1 at 3.) While Ms. Young alleges that she was confined "by the police," it was Eskenazi that filed the 'Application for Emergency Detention of Mentally Ill Person' with Marion Superior Court requesting that she be hospitalized (Dkt. 25-3 at 4-9). Ms. Young has not named Eskenazi as a party to this suit and for that reason the Court need not address whether Ms. Young would have a viable claim against Eskenazi for criminal confinement (Dkt. 25-3 at 3-8). However, as a matter of law, Defendants are prevail on this claim.

Even if Ms. Young could show that Detective Kuchta-Drane committed criminal confinement, the Court agrees with Defendants that Ms. Young has not alleged that she suffered a precautionary loss (Dkt. 1-3). In her Complaint, she requests "restitution of $60,000,000." *Id*. at 16. However, Ms. Young's failure to present any evidence of damages resulting from Defendants' purported conduct means that she has failed to establish the required "pecuniary loss" under the CVRA. *Cook Biotech, Inc. v. Acell, Inc.*, 2005 U.S. Dist. LEXIS 41163, *13 (N.D. Ind. 2005) (granting summary judgment on claim under the CVRA where the plaintiff offered only a

9

conclusory affidavit to establish the value of the pecuniary loss). Here, Ms. Young has not responded, nor has she even offered an affidavit to support her contentions. As a matter of law, Defendants are entitled to summary judgment on Ms. Young's criminal confinement claim.

### 2. Ms. Young's Defamation Claim

Ms. Young's also alleges a "defamation of character" claim against the Defendants (Dkt. 1-3). Defendants argue that Ms. Young's Complaint is devoid of any facts supporting her defamation claim and fails to identify which statement(s) is or are defamatory (Dkt. 26 at 16). The Court agrees with the Defendants on both points.

"Defamation is 'that which tends to injure reputation or to diminish esteem, respect, good will, or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff.'" *Miller v. Cent. Ind. Cmty. Found.*, 11 N.E.3d 944, 955 (Ind. Ct. App. 2014) (quoting *Kuchta-Draneson v. Perron*, 716 N.E.2d 29, 37 (Ind. Ct. App. 1999), *trans. denied*). To establish defamation, a plaintiff must prove the following elements: (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. *Id*. at 955–56. A plaintiff who sues for defamation must set out the alleged defamatory statement in his complaint. *Id*.

> There is sound reason for this policy, as the absence of a statement in the complaint works a detriment on both the court and the defendant. The court is handicapped without the statement since, without it, the court cannot actually determine if the statement is legally defamatory. Journal–Gazette Co. v. Bandido's Inc., 712 N.E.2d 446, 457 (Ind. 1999). The defendant is placed on an unfair footing since the absence of the statement denies [him] the opportunity to prepare appropriate defenses.

*Miller*, 11 N.E.3d at 956 (quoting *Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 137 (Ind. 2006)). "When specific statements that are alleged to be defamatory have not been sufficiently identified in a plaintiff's complaint, an award of summary judgment for the defendant is proper." *Id*.

Here, Ms. Young's Complaint fails to specifically identify the alleged defamatory statement(s) and fails to tie any statement to the Defendants (Dkt. 1-3). Moreover, even a liberal reading of her Complaint would not save her defamation claim. Ms. Young has not, and perhaps cannot, allege the second element of her defamation claim; that is the Defendants made a defamatory statement with actual malice. *See Mourning v. Allison Transmission, Inc.*, 72 N.E.3d 482, 490 (Ind. Ct. App. 2017) (finding that "actual malice as an element of defamation exists when the defendant publishes a defamatory statement "with knowledge that it was false or with reckless disregard of whether it was false or not."). Ms. Young does not allege that Defendants made any defamatory statements much less made those statements with actual malice. Therefore, as a matter of law, Defendants are entitled to summary judgment on Ms. Young's defamation claim.[3]

### 3. Ms. Young's Fraud Claim

Ms. Young's Complaint also alleges a fraud claim against the Defendants (Dkt. 1-3). She lists only the word fraud and provides no information concerning this claim. Defendants argue that the fraud claim should be dismissed because "Young has not complied with the pleading requirements of either the Indiana Rules of Trial Procedure or the Federal Rules of Civil Procedure in her one-word allegation of fraud against Defendants." (Dkt. 26 at 18-19.) The Court agrees with the Defendants.

To prove fraud, a plaintiff must establish the following elements: (1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully

---

[3] Even if Ms. Young had alleged a viable defamation claim, Detective Kuchta-Drane may be entitled to qualified privilege. A communication is protected by a qualified privilege of common interest if the communication was made "in good faith on any subject matter in which the party making the communication has an interest or in reference to which he has a duty, either public or private, either legal, moral, or social, if made to a person having a corresponding interest or duty." *Gatto v. St. Richard School, Inc.*, 774 N.E.2d 914, 924–25 (Ind. Ct. App. 2002). The privilege exists because of "the necessity for full and unrestricted communication on matters in which the parties have a common interest or duty." *Id*. at 925.

relied upon by the complaining party, and (6) which proximately caused the injury or damage of which the plaintiff complains. *Angel v. Powelson*, 977 N.E.2d 434, 445 (Ind. Ct. App. 2012) (citing, *inter alia, Lawyers Title Ins. Co. v. Pokraka*, 595 N.E.2d 244, 249 (Ind. 1992)). A complaint alleging fraud must provide "the who, what, when, where, and how." *See U.S. ex rel. Gross v. AIDS Research Alliance–Chicago*, 415 F.3d 601, 605 (7th Cir. 2005) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). And finally, "when the complaint accuses multiple defendants of participating in the scheme to defraud, the plaintiffs must take care to identify which of them was responsible for the individual acts of fraud." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994).

The Court agrees that Ms. Young's one-worded fraud allegation does not meet the heightened pleading requirements for pleading fraud under both the federal and state rules. *See* Fed. R. Civ. P. 9(b); Ind. Trial Rule 9(b). Defendants correctly note that "Young does not allege what Defendants said that was fraudulent or materially misrepresentative, when the allegedly fraudulent statement [w]as made, where the allegedly fraudulent statement was made, or how the allegedly fraudulent statement was made." (Dkt. 26 at 18-19.) The only statement which Ms. Young could potentially rely on to support her fraud claim would be that "I was told I was going to the hospital to have a rape kit done at a hospital. Then I was put on a 72-hour detention, by the police at Eskenazi Hospital/Mental Hospital against my will." (Dkt. 1-3 at 11.) In fact, the allegedly fraudulent representation is that Detective Kuchta-Drane told Ms. Young that "in order for IMPD to follow through with a rape investigation, she would need to go to the hospital to be evaluated." (Dkt. 25-1 at 3.) Ms. Young does not allege that Detective Kuchta-Drane's statement was false or misleading. She is merely upset that after being evaluated by medical officials at Eskenazi that she was placed on a 72-hour hold at Eskenazi.

As noted, those representations were true since Ms. Young reported being a victim of rape and Defendants' evidence supports the veracity of that statement (Dkt. 25-1 at 3). Moreover, Ms. Young's Complaint lumps all the Defendants together and does not specify who was involved in what activity. Absent such particularity, as a matter of law, Defendants are entitled to summary judgment on Ms. Young's fraud claim.

### 4. Obstruction of Justice

Lastly, Ms. Young alleges an obstruction of justice claim against the Defendants but again, fails to explain the substance of this claim. (Dkt 1-3). Defendants argue the obstruction of justice claim fails as a matter of law because the applicable statute does not provide for a civil remedy (Dkt. 26 at 15-16). The Court agrees.

Indiana Code § 35-44.1-2-2 sets forth the criminal statute for obstruction of justice. *See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, at fn. 9 (Ind. Ct. App. 2002) (noting that while "[t]he Loomises also appear to be arguing that Ind. Code § 35–44–3–4 standing alone provides them with a cause of action against the Attorneys for obstruction of justice [,]…Ind. Code § 35–44–3–4[4] is a criminal statute that does not provide for a civil remedy."); *see also Jones v. United Airlines*, 2012 WL 6216741, at *8 (N.D. Ill. Dec. 13, 2012) (same). Moreover, Ms. Young has not cited any Indiana case law, and the Court has not found any, that allows a civil remedy for this claim. Further, Ms. Young has not alleged how Defendants obstructed justice. Accordingly, Ms. Young's obstruction of justice claim fails as a matter of law.

### IV. CONCLUSION

For the reasons set forth above, the Defendants' Motion for Summary Judgment (Dkt. 24) is **GRANTED**. Final judgment will issue under a separate order.

---

[4] *See McCaster v. State*, 132 N.E.3d 907 (Ind. Ct. App. 2019) (noting that "[t]he statute criminalizing obstruction of justice now appears in Indiana Code Section 35-44.1-2-2.").

**SO ORDERED.**

Date: 6/6/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patricia Young
3601 Moller Road
Indianapolis, Indiana  46224

John P. Lowrey
CITY OF INDIANAPOLIS
john.lowrey@indy.gov

Barry F. McGinley
FROST BROWN TODD LLP
bmcginley@fbtlaw.com

Anthony W. Overholt
FROST BROWN TODD LLP
aoverholt@fbtlaw.com